WOODMANSEE, J.
Charles Morris has been brought before this court upon a writ issued by the clerk to the sheriff of this county, commanding him to take and have before D. D. Woodmansee, judge of said court, “to do and receive what our said judge shall then and there consider concerning him in his behalf,” and in said writ the chief of police of the city of Cincinnati is ordered to appear before said judge to show the cause of the taking and detention of the said Charles Morris.
This writ was issued as an outgrowth of a sworn application filed herein, which in regular form advises the court that the *57 said Morris was unlawfully restrained of his liberty and was imprisoned without any legal authority.
For some reason, possibly following a custom, the writ was issued to the sheriff of this county, commanding him to bring the said Morris before the court.
Section 5734 of the Revised Statutes of Ohio provides, in case of confinement, imprisonment or detention by a person' not an officer, the writ shall be in the form as that issued in the case at bar, namely, directing the sheriff to bring the prisoner before the court, as has been done in this case.
However, Section 5733, Revised Statutes, provides as follows:
“In case of confinement, imprisonment or detention by an officer, the writ shall be directed to him and shall command bim to have the body of such person before the court or judge designated in the writ at a time and place therein specified. ’ ’
The affidavit filed in this ease alleges that the said Morris was wrongfully detained by Paul M. Millikin, Chief of Police of Cincinnati, Ohio. It would have been entirely proper for the sheriff to have served this writ, but the only direction that was necessary for the sheriff was not to produce the body, but to produce a return showing that he had properly served the writ upon the chief of police.
The statute does not contemplate the giving up of possession of the prisoner by one officer to another, but rather that the officer who is charged with wrongfully detaining the prisoner shall bring him before the court. This would seem to be not only following the statute in that regard, but it would bring proper notice to the chief of police, so that he would not be deprived of his possesion of the prisoner, except upon a hearing before the court where his claim to possession could be fully heard and determined. In a case where the party detained is in the possession of a person who is not an officer of the law, it would seem right and proper that an officer of this court should take the prisoner into possession and the writ should be directed to him, as in this ease, requiring him to produce the party before the judge issuing the writ.
This proceeding of habeas corpus is simply an inquiry before the court into the cause of imprisonment, detention or depriva *58 tion.' It is perhaps the most sacred right vouchsafed to a free people1, not to be used to protect ¡the guilty, but to safeguard the rights and liberties of the innocent.
The Constitution of the United States provides as follows:
“The privilege of ¡the writ of habeas corpus shall not be suspended unless when in cases of rebellion or invasion the public safety may require it.”
Our statutes expressly provide that the judge authorized to grant the writ must grant the same forthwith. And when it is allowed by the judge, Section 5745 providés as follows:
“If a clerk of a court refuse to issue the writ after allowance thereof and demand therefor, he shall forfeit to the party aggrieved the sum of $500.”
It may be urged that the chief of police, being adversely interested in the proceeding, would refuse to respond to the writ. He is amenable to the orders of this court and is subject to punishment for contempt if he violates them.
In addition to this Section 5746 provides as follows:
“A person to whom a writ is directed, who neglects or refuses to obey or make return of the same according to the command thereof, or makes a false return thereof, or who, upon demand made by the prisoner, or any person on his behalf, refuses to deliver to- the person demanding, within six hours after the demand therefor, a true copy of the warrant of commitment and detainer of the prisoner, shall, for the first offense, forfeit to the party aggrieved $200, and for the second offense $400, and, if an officer, shall be incapable of holding his office.”
So that I find that the rights of the prisoner are fully protected by our Constitution and by statute, and the public are protected by the provision that the prisoner shall not be discharged until the court upon inquiry finds that he is wrongfully restrained of his liberty.
Decree accordingly.